UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Charles R. Griffin, Jr. Individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Harley Davidson Credit Corp., and Eaglemark Savings Bank<br><br>Defendant. | Case#: 8:08-466-HFF<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. Plaintiff Charles R. Griffin Jr. (hereinafter "Griffin") brings this Class Action on behalf of himself and all other similarly situated persons who have either paid delinquency and/or default charges that violate the South Carolina Consumer Credit Code or have entered into consumer credit agreements with Defendants Harley Davidson Credit Corp., (hereinafter "Harley Davidson Credit") and/or Eaglemark Savings Bank that provide for such unlawful delinquency and default charges.

### PARTIES

2. Plaintiff Griffin is a citizen and resident of the State of South Carolina.

3. Defendant Harley Davidson Credit is a corporation organized under the laws of a State other than South Carolina with its principal place of business in Carson City, Nevada.

1

4. Defendant Eaglemark Savings Bank is a corporation organized and existing under the laws of a State other than South Carolina with its principal place of business in Carson City, Nevada.

## JURISDICTION AND VENUE

5. The amount in controversy as to the named Plaintiff Griffin including costs and attorneys fees is more than $75,000.

6. The total aggregate amount of the claims of all class members inclusive of attorneys' fees and costs is upon information and belief more than $5 million.

7. This Court has jurisdiction over this action based upon diversity of citizenship in that Plaintiff and Defendant are citizens of different states and the claim of the named Plaintiff exceeds $75,000.

8. Venue is proper in this District pursuant to 28 USC 1391(b) as many of the acts and transaction forming the basis of the claims in this action occurred in substantial part in this District.

9. Defendants Harley Davidson Credit and Eaglemark Savings Bank have entered into contracts or accepted assignment of contracts that are to be performed in whole or in part in South Carolina and regularly transact business in this State such that it is subject to personal jurisdiction in South Carolina under the South Carolina long arm statute.

## FACTS

10. On August 13, 2004 Plaintiff Griffin entered into a contract with Defendant Eaglemark Savings Bank, a subsidiary of Harley Davidson

2

Credit, to finance the purchase of a new 2004 Harley Davidson motorcycle.

11. A true and accurate copy of the contract is attached hereto as Exhibit A.

12. The contract provided for 84 monthly payments of $294.89 beginning September 12, 2004.

13. The contract further provides for the assessment of late charges, stating:

> If any payment is more than then (10) days late, you will be charged $10 or 5% of the late amount, which ever is greater with a maximum of $50.

14. The contract was assigned to Defendant Harley Davidson Credit in accordance with the standard practices and procedures of the Defendants.

15. Plaintiff Griffin became in arrears under the contract and Defendant Harley Davidson Credit charged Plaintiff Griffin late charges of approximately $17.35 per delinquent installment, representing 5% of the late amount.

16. Defendant Harley Davidson Credit further charged Plaintiff Griffin a "pre-repossession" charge of $500.

17. On January 30, 2007 Plaintiff Griffin via Western Union wire transfer paid $2491.23 to Defendant Harley Davidson Credit which included all past due installments, late fees of approximately $17.35 per delinquent installment and the "pre-repossession" charge of $500.

18. Subsequently, Defendant Harley Davidson charged Plaintiff Griffin and Plaintiff Griffin paid an additional $150 for "repossession costs."

19. Plaintiff Griffin was charged and paid a total of $650 in either" pre-repossession" and "repossession" charges even though Defendants never repossessed Plaintiff Griffin's Harley Davidson motorcycle.

20. On September 27, 2007 Plaintiff Griffin submitted a complaint with the South Carolina Department of Consumer Affairs regarding Defendants' delinquency and default charges.

21. On January 22, 2008, the South Carolina Department of Consumer Affairs determined that Defendants' monthly delinquency charges and the fees labeled as pre-repossession and repossession charges violated the South Carolina Consumer Protection Code.

22. A true and accurate copy of the Department of Consumer Affairs final determination letter is attached hereto as Exhibit B.

**CLASS ALLEGATIONS**

23. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and (3) on behalf of all those persons who have entered into a consumer credit sale agreement with the Defendants in South Carolina where such agreement provides for delinquency charges in excess of the maximum amount allowed under the South Carolina Consumer Protection Code as provided in S.C. Code Section 37-2-203 as amended by S.C. Code Reg. 28-62 (currently $15.50 per delinquent installment) to include but not limited to all

4

customers who have been charged delinquency charges of more than the statutory limit in the form of either late fees, pre-repossession fees, repossession or attorneys fees in violation of the Code.

24. Excluded from the Class are the Defendants, subsidiaries and affiliates of the Defendants, the officers, directors and employees of Defendants, members of their immediate family and their legal representatives, heirs, successors or assigns and any entity in which any of the foregoing has a controlling interest.

25. The members of the Class are so numerous and dispersed that joinder of all members is impracticable.

26. Members of the Class may be identified from the records maintained by the Defendants.

27. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among questions of law and fact common to the Class are:

   a. Whether Defendants' contracts are subject to the South Carolina Consumer Protection Code;

   b. Whether the Defendants' contracts provide for delinquency fees in excess of the amount of delinquency fees allowable under the South Carolina Consumer Protection Code;

   c. Whether the Defendants have charged Class members delinquency fees in excess of the amount of delinquency fees allowable under the South Carolina Consumer Protection Code;

5

      d. Whether Defendants may charge "pre-repossession" and repossession charges when the security interest was never realized (i.e. the motorcycle has never been repossessed);

      e. Whether Defendants charged "pre-repossession" and "repossession" charges that exceed actual amount of charges incurred in repossessing the security;

      f. Whether Defendants violation of the South Consumer Protection Code was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error.

28. The claims of the Plaintiff are typical of the claims of the members of the Class.

29. Plaintiff will fairly and adequately protect the interests of the members of the Class as Plaintiff's claims are not antagonistic to the claims of the Class and that there are no conflicts between Plaintiff's claims and the Class Claims.

30. Plaintiff has retained counsel competent and experienced in class action and litigation, who collectively have obtained judgments or settlements valued at over $50 million in class litigation during the past five years. Further, each counsel has extensive experience in prosecuting fraud and financial crimes cases as State and federal prosecutors. Attorney Harpootlian is the former Solicitor for the Fifth Judicial Circuit for the

State of South Carolina and Attorney Griffin is a former Assistant United States Attorney for the District of South Carolina.

31. The Class consists of thousands of account holders therefore a class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impracticable, adjudication of the controversy through a class action will avoid the possibility of inconsistent and possibly conflicting adjudications of the claims asserted herein and there will be no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION
### (Violation of the S.C. Consumer Protection Code)

32. Plaintiffs re-allege each and every allegation set forth above as if repeated verbatim herein.

33. The South Carolina Consumer Protection Code sharply limits the fees that a consumer may be charged due to a default.

34. S.C. Code Section 37-2-414 provides that "except for reasonable expenses incurred in realizing on a security interest, the agreement with respect to a consumer credit sale may not provide for any charges as a result of default by the buyer other than those authorized by this Title. A provision in violation of this section is unenforceable."

35. Except for delinquency charges (Section 37-2-203), attorneys fees (Section 37-2-413) and reasonable expenses arising from realizing on collateral (Section 36-9-615), the creditor may impose no collection or default charges on the buyer.

7

36. Delinquent charges are limited to a maximum of $15.50 per delinquent installment or 5% of the delinquent installment, whichever is less.

37. Defendants' standard contract provides for delinquent charges in excess of the amount allowed under the South Carolina Consumer Protection Code.

38. The contract provides for the delinquent charges of $10 or 5% of the late amount, whichever is greater, with a maximum of $50.

39. Defendants charged Plaintiff Griffin and other members of the class monthly delinquent charges in excess of $15.50 in violation of the South Carolina Consumer Protection Code.

40. Defendants further charged Plaintiff Griffin and other members of the Class delinquent and/or default charges in violation of the South Carolina Consumer Protection Code in the form of "pre-repossession" and "repossession" charges and other fees and expenses that were not actually incurred in realizing on the security interest held by Defendants

41. Plaintiff Griffin and members of the class are therefore entitled to a refund of all improper charges paid, plus prejudgment interest, together with costs and attorneys fees as provided in S.C. Code 37-5-202.

### SECOND CAUSE OF ACTION
**(Declaratory and Injunctive)**

42. Plaintiffs re-allege each and every allegation set forth above as if repeated verbatim herein.

43. Contractual provisions that provide for delinquent and default charges in excess of that allowed by the South Carolina Consumer Protection Code are unenforceable.

44. Defendants' standard contract provides for the charge of delinquent fees in excess of that allowed by the South Carolina Consumer Protection Code.

45. Plaintiff and members of the Class are therefore entitled to an order declaring such provisions unenforceable and an injunction prohibiting the enforcement of such contractual provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Determining that this action is a proper class action, and certifying Plaintiff as Lead Plaintiff and as Class Representative under Rule 23 of the Federal Rules of Civil Procedure;

b. Awarding compensatory damages in favor of Plaintiff and all other Class Members against Defendants, jointly and severally, for all damages sustained as a result of Defendants wrongdoing in an amount to be proven at trial;

c. Declaring that the Late Charge provision of Defendants standard contract is unenforceable;

d. Enjoining Defendants from imposing delinquent and default charges in violation of the South Carolina Consumer Protection Code against Plaintiff and members of the Class even though the contracts with Plaintiff and members of the Class provide for such charges;

e. Awarding Plaintiff and Class Members prejudgment interest;

f. Awarding Plaintiff and Class Members their costs and disbursements of this suit, including reasonable attorneys fees, accountants fees and experts fees;

g. Awarding Plaintiff an incentive payment as serving as Class Plaintiff;

h. Awarding such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

/s/ Richard A. Harpootlian
Richard A. Harpootlian, Fed. I.D. No. 1730
P.O. Box 1090
Columbia, SC  29202
(803) 252-4848


/s/ James M. Griffin
James M Griffin, Fed. I.D. No. 1053
P.O. Box 999
Columbia, SC  29202
(803) 744-0800

Attorneys for Plaintiffs

Columbia, South Carolina
February 11, 2008